| District Court, Boulder County, State of Colorado<br>1777 6th St, Boulder, CO 80302<br>(303) 441-3750 | DATE FILED: August 9, 2022 1:54 PM<br>FILING ID: 1E76648810F5D<br>CASE NUMBER: 2022CV30546 |
|---|---|
| **Plaintiff: KYLE J. BARRETO and RACHEL BARRETO**<br><br>v.<br><br>**Defendants: GREGORY E. HAMPTON and BISHAM HOTSHOT, LLC** | ▲ Court Use Only ▲ |
| *Counsel for Plaintiff:*<br>Keith D. Vance, Reg. No. 28938<br>Jacob F. Kimball, Reg. No. 37012<br>SPRINGS LAW GROUP LLC<br>1880 Office Club Pointe, Suite 200<br>Colorado Springs, CO 80920<br>Phone: (719) 300-7554<br>Email Address: keith@springslawgroup.com | Case No.:<br><br>Division: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, KYLE J. BARRETO and RACHEL BARRETO, by and through his attorneys, Keith D. Vance and Jacob F. Kimball, Springs Law Group LLC, state the following as their Complaint and Jury Demand against Defendants, GREGORY E. HAMPTON and BISHAM HOTSHOT, LLC:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Kyle J. Barreto and Rachel Barreto, reside at 6972 Reunion Circle, City of Fountain, County of El Paso, State of Colorado.

2. Defendant Gregory E. Hampton (hereinafter, "Hampton") resides at 9230 Adams Street, City of Terrell, County of Kaufman, State of Texas.

3. Bisham Hotshot, LLC (hereinafter, "Hotshot"), is a Texas limited liability company, with a principal place of business at 2931 Ridge Road, Suite 101, City of Rockwall, County of Rockwall, State of Texas.

4. Hotshot is not registered with the Colorado Secretary of State to do business in the State of Colorado.

5. Hotshot's registered agent for service of process in Texas is the Defendant Hampton, using the same address as his personal residence, which is 9230 Adams Street, Terrell, TX 75160.

6. Upon information and belief, at all times relevant hereto, Hotshot employed Hampton, and Hampton was acting within the course and scope of his employment while operating the vehicle in question.

7. This matter arises from a crash involving two vehicles that occurred on December 14, 2020, in Summit County, Colorado (the "Crash").

8. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124 because the incident underlying this cause of action occurred in the State of Colorado.

9. Venue is proper in this action pursuant to C.R.C.P. 98(c)(1) because each of the Defendants is a nonresident of the State of Colorado.

## II. GENERAL ALLEGATIONS

10. Plaintiffs incorporate all prior allegations as though fully set herein.

11. The Crash occurred on December 14, 2020.

12. The Crash occurred on a Monday.

13. The Crash occurred on Highway 9 near mile point 79.5, Summit County, Colorado.

14. Immediately prior to the Crash, Defendant Hampton was driving a 2017 Ford F350 pickup truck, owned by Hotshot (hereinafter, the "Hotshot Truck").

15. The Hotshot Truck was traveling northbound on Highway 9.

16. The Hotshot Truck was pulling a trailer.

17. Immediately prior to the Crash, Plaintiff Kyle Barreto was driving a 2020 Kia Sportage southbound on Highway 9.

18. Hampton lost control of the Hotshot Truck, the trailer jackknifed, and the Hotshot Truck entered the southbound lane.

19. The Hotshot Truck collided with 2020 Kia Sportage approximately 0.5 miles north of mile point 79 on Colorado Highway 9.

20. The Hotshot Truck continued its slide north into the southbound lane's guardrail, where it came to rest on the southbound shoulder.

21. There were no adverse road conditions that caused or contributed to the cause of the Crash.

22. Plaintiff Kyle Barreto was wearing a seat belt at the time of the Crash.

23. Plaintiffs were lawfully traveling in their designated lane of travel at the time of the Crash.

24. The following photograph fairly and accurately depicts damage to vehicle driven by Plaintiff Kyle Barreto and caused by the Crash:



25. The headlights on Plaintiff's vehicle were illuminated at the time of the Crash.

26. Plaintiff Kyle Barreto did nothing to cause or contribute to the occurrence of the Crash.

27. There were no vehicle defaults of any vehicle that caused or contributed to the occurrence of the Crash.

28. Defendant Hampton failed to drive safely at the time of the Crash.

29. As a licensed driver, Defendant Hampton was supposed to pay adequate attention to road conditions.

30. Defendant Hampton did not reasonably maintain control of his vehicle or trailer just before the Crash.

31. As a licensed driver, Defendant Hampton was supposed to act as a reasonable driver would act under the circumstances then existing.

32. Plaintiff Kyle Bareto was not at fault for the Crash.

33. Defendant Hampton was 100% at fault for the Crash.

## III. FIRST CLAIM FOR RELIEF: NEGLIGENCE

34. Plaintiffs incorporate all prior allegations as though fully set forth herein.

35. The Crash involving Plaintiff Kyle Barreto and Defendants was caused by the negligence of Defendant Hampton.

36. Defendant Hampton had a duty to drive his vehicle with reasonable care under the circumstances then existing.

37. Defendant Hampton owed Plaintiffs a duty of reasonable care.

38. Defendant Hampton breached his duty of care as more fully described above.

39. As a direct and proximate and foreseeable result of Defendant Hampton's negligence, Plaintiff Kyle Barreto suffered injuries and damages including, but not limited to, past and future pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical bills, hospital bills, health care provider bills, wage loss, loss of earning capacity and impairment and disfigurement in amounts to be determined at trial.

## IV. SECOND CLAIM FOR RELIEF: NEGLIGENCE *PER SE*

40. Plaintiffs incorporate all prior allegations as though fully set forth herein.

41. In the course of the motor vehicle Crash, Defendant Hampton violated C.R.S. § 42-4-1402, Careless Driving.

42. In the course of the motor vehicle Crash, Defendant Hampton violated C.R.S. § 42-4-1401, Reckless Driving.

43. In the course of the motor vehicle Crash, Defendant Hampton violated C.R.S. § 42-4-711(1), Driving on Mountain Highways.

44. The purpose of each of the aforementioned statutes is to protect against the type of injuries and losses sustained by Plaintiffs.

45. Plaintiff was a member of the group of persons the aforementioned statues were intended to protect.

46. Defendant Hampton violated the aforementioned Colorado statutes constituting negligence *per se*.

47. As a direct, proximate, and foreseeable result of the negligence per se of Defendant Hampton, Plaintiff Kyle Barreto suffered injuries, damages, and losses more fully described above.

## V. THIRD CLAIM FOR RELIEF: *RESPONDEAT SUPERIOR*

48. Plaintiffs incorporate all prior allegations as though fully set forth herein.

49. Defendant Hampton was the agent of the Defendant Hotshot at the time of the Crash.

50. Defendant Hampton was the employee of Defendant Hotshot at the time of the Crash.

51. Defendant Hampton was acting within the scope of his employment and/or agency with Defendant Hotshot at the time of the Crash.

52. Under the doctrine of *respondeat superior*, any act or omission of Defendant Hampton is the act or omission of the Defendant Hotshot at the time of the Crash.

53. Defendant Hotshot is vicariously liable for the negligence of Defendant Hampton.

## VI. FOURTH CLAIM FOR RELIEF: LOSS OF CONSORTIUM

54. Plaintiffs incorporate all prior allegations as though fully set forth herein.

55. Kyle Barreto and Rachel Barreto are currently married, and were married at the time Kyle Bareto was injured in the collision.

56. As a result of such injuries to Kyle Barreto, Rachel Barreto experienced a loss of consortium.

57. Rachel Barreto's loss of consortium includes noneconomic damages for loss of affection, society, companionship, aid, and comfort of Kyle Barreto, as well as economic damages for loss of household services that Kyle Barreto would have performed had he not been injured in the collision and any resulting expenses which Rachel Barreto incurred on account of Kyle Barreto's injuries.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment against the Defendants and in favor of the Plaintiffs for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the incident giving rise to this action, pre-judgment interest from the date of the filing, costs, expert witness fees and for such other and further relief as this Court deems proper.

## VI. JURY DEMAND

**PLAINTIFFS DEMAND TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted this 9th day of August, 2022.

Springs Law Group LLC

Keith D. Vance
*Counsel for Plaintiff*

*Plaintiffs' Address:*
6972 Reunion Circle
Fountain, CO 80817